## UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JICARILLA APACHE NATION | ) | |
| P.O. Box 507 | ) | |
| Dulce, NM 87528-0507 | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 1:07-cv-00803-RLJ |
| v. | ) | |
| | ) | |
| U.S. DEPARTMENT OF THE INTERIOR, | ) | |
| 1849 C St., N.W. | ) | |
| Washington, DC 20240 | ) | |
| | ) | |
| Defendant | ) | |
| _____ | ) | |

## ANSWER

Federal Defendant, the U.S. Department of the Interior, submits the following Answer to Plaintiff's Complaint. The numbered paragraph in the Answer correspond to the number paragraphs in the Complaint.

All allegations of the Complaint that are not specifically admitted or otherwise answered are denied.

1.    The allegations in Paragraph 1 characterize Plaintiff's Complaint and state conclusions of law to which no response is required.

2.    Defendant admits the allegations in Paragraph 2.

3.    Defendant admits the allegations of the first sentence of Paragraph 3. The allegations in the second sentence of Paragraph 3 state conclusions of law; therefore, no response

1

is required.  The allegations in the third sentence of Paragraph 3 reference various statutes and regulations, which documents speaks for themselves and are the best evidence of their contents and, therefore, no response is required.  The allegations in the fourth sentence of Paragraph 3 state conclusions of law to which no response is required.

4.      The allegations in Paragraph 4 state conclusions of law to which no response is required.

5.      The allegations in Paragraph 5 state conclusions of law to which no response is required.

6.      The allegations in the first sentence of Paragraph 6 state conclusions of law to which no response is required.  The allegations in the remainder of Paragraph 6 characterize the content of the leases, which are the best evidence of their own contents, and, therefore, no response is required.

7.      Defendant lacks sufficient information to admit or deny the allegations in Paragraph 7.

8.      The allegations in Paragraph 8 characterize the cases cited therein, which are the best evidence of their own contents, and state conclusions of law, therefore, no response is required.

9.      The allegations in Paragraph 9 characterize the statute cited therein, which is the best evidence of its own contents, therefore, no response is required.

10.      The allegations in Paragraph 10 characterize the regulation cited therein, which is the best evidence of its own contents, and, therefore, no response is required.

11.    The allegations in Paragraph 11 characterize the terms of leases, which are the best evidence of their own contents, and, therefore, no response is required.

12.    The allegations in Paragraph 12 characterize the regulations and leases cited therein, which are the best evidence of their own contents, and, therefore, no response is required.

13.    Defendant admits that it promulgated regulations in 1988 for the valuation of Indian gas.  The allegations in Paragraph 13 characterize those regulations, which are the best evidence of their own contents, and state conclusions of law to which no response is required.

14.    The allegations in Paragraph 14 characterize the regulation cited therein, which is the best evidence of its own contents, and, therefore, no response is required.

15.    The allegations in the first sentence of Paragraph 15 state conclusions of law to which no response is required.  The allegations in the second sentence of Paragraph 15 characterize the various Orders, which are the best evidence of their own contents, and, therefore, no response is required.

16.    The allegations in Paragraph 16 characterize the various Orders, which are the best evidence of their own contents, and, therefore, no response is required.

17.    The allegations in Paragraph 17 characterize the various Orders, which are the best evidence of their own contents, and, therefore, no response is required.

18.    Defendant admits the allegations in Paragraph 18.

19.    Defendant admits the allegations in the first and second sentences of Paragraph 19.  The allegations in the remainder of Paragraph 19 characterize the "Bayless Decisions" (cited

in the third sentence of that paragraph), which are the best evidence of their own contents, and, therefore, no response is required.

20.     The allegations in the first sentence of Paragraph 20 state conclusions of law to which no response is required.  Defendant lacks sufficient information to admit or deny the allegations in the second sentence of Paragraph 20.

21.     The allegations in Paragraph 21characterize the documents cited therein, which are the best evidence of their own contents, and, therefore, no response is required to the allegations in Paragraph 21.

22.      The allegations in Paragraph 22 characterize the Decision cited therein, which is the best evidence of its own contents, and, therefore, no response is required to the allegations in Paragraph 22. To the extent that a response is required, Defendant denies the allegations in Paragraph 22.

23.     The allegations in Paragraph 23 characterize the Decision cited therein, which is the best evidence of its own contents, and, therefore, no response is required to the allegations in Paragraph 23. To the extent that a response is required, Defendant denies the allegations in Paragraph 23.

24.     The allegations in Paragraph 24 characterize the Decision cited therein, which is the best evidence of its own contents, and, therefore, no response is required to the allegations in Paragraph 24.

25.     The allegations in Paragraph 25 state conclusions of law to which no response is required, and characterize the documents cited therein, which are the best evidence of their own contents.  To the extent a response is required, Defendant denies the allegations in Paragraph 25.

To the extent that factual allegations are included in Paragraph 25 with the conclusions of law, Defendant denies any such allegations.

26.     The allegations in Paragraph 26 state conclusions of law to which no response is required, and characterize the documents cited therein, which are the best evidence of their own contents. To the extent a response is required, Defendant denies the allegations in Paragraph 26. To the extent that factual allegations are included in Paragraph 26 with the conclusions of law, Defendant denies any such allegations.

27.     The allegations in Paragraph 27 characterize Plaintiff's Complaint, and so no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 27.

28.     The allegations in Paragraph 28 state conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 28.

29.     The allegations in Paragraph 29 state conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 29.

30.     The allegations in Paragraph 30 state conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 30.

31.     Defendant denies the allegations in Paragraph 31.

32.     The allegations in Paragraph 32 characterize Plaintiff's Complaint, and so no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 32.

33.     The allegations in Paragraph 33 state conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 33.

34.     Defendant denies the allegations in Paragraph 34.

The remaining allegations in Plaintiff's Complaint constitute prayers for relief, to which no response is required.  To the extent a response is required, Defendant denies that Plaintiff is entitled to the relief it has requested or to any relief whatsoever.

WHEREFORE, Defendant requests that this action be dismissed with prejudice, that judgment be entered for Defendant, and that Defendant's costs be allowed, in addition to any further relief this Court may allow.

Dated this 5th  day of July, 2007.

Respectfully submitted,


 /s/ Ruth Ann Storey
RUTH ANN STOREY
Natural Resources Section
Environment and Natural Resources Division
United States Department of Justice
P. O. Box 663
Washington, D. C. 20044-0663
Telephone: (202) 305-0493
Fax: (202) 305-0506

Of Counsel:

Stephen L. Simpson
Assistant Solicitor for Trust Responsibility
Division of Indian Affairs
Office of the Solicitor
U.S. Department of the Interior
Washington, D. C. 20240
Telephone: (202) 219-1659
Fax: (202) 219-1791