IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JICARILLA APACHE NATION, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| UNITED STATES DEPARTMENT OF THE INTERIOR, | : | |
| | : | |
| Defendant, | : | Civil Action |
| | : | No. 1:07-CV-00803-RJL |
| and | : | |
| | : | |
| VASTAR RESOURCES, INC., UNION TEXAS PETROLEUM, AND UNICON PRODUCING COMPANY, | : | |
| | : | |
| 501 Westlake Park Blvd. | : | |
| P.O. Box 392 | : | |
| Houston, TX 77253-3092 | : | |
| | : | |
| Proposed Intervenor-Defendants. | : | |

## UNOPPOSED MOTION TO INTERVENE

Vastar Resources, Inc., Union Texas Petroleum, and Unicon Producing Company ("Lessees") respectfully file this unopposed motion for leave to intervene in this proceeding as a defendant pursuant to Federal Rule of Civil Procedure 24(a) or, alternatively, Rule 24(b).  The grounds therefore are set forth in the Memorandum in Support of Unopposed Motion to Intervene that accompanies this Motion.

Pursuant to LCvR 7(m), the undersigned have conferred with counsel for the current parties regarding this Motion.  Counsel for Plaintiff, Ms. Jill Grant, and counsel for Defendant, Ms. Ruth Ann Storey, have stated they do not object to Lessees' intervention in this matter.

A Proposed Order granting intervention is attached to this Motion.  Pursuant to

F.R.C.P. 24(c) and LCvR 7.(j), a proposed Answer is also attached.

Dated this 18th day of January, 2008.

DAVIS GRAHAM & STUBBS LLP


/s/ Charles L. Kaiser
Charles L. Kaiser, D.C. Bar No. 309203
Charles A. Breer
1550 Seventeenth Street, Suite 500
Denver, Colorado  80202
Telephone:  303-892-9400
Facsimile:  303-893-1379

Attorneys for Proposed Intervenor-Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JICARILLA APACHE NATION, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| UNITED STATES DEPARTMENT OF THE INTERIOR, | : | |
| | : | |
| Defendant, | : | Civil Action |
| | : | No. 1:07-CV-00803-RJL |
| and | : | |
| | : | |
| VASTAR RESOURCES, INC., UNION TEXAS PETROLEUM, AND UNICON PRODUCING COMPANY, | : | |
| | : | |
| 501 Westlake Park Blvd. | : | |
| P.O. Box 392 | : | |
| Houston, TX 77253-3092 | : | |
| | : | |
| Proposed Intervenor-Defendants. | : | |

---

MEMORANDUM IN SUPPORT OF LESSEES' UNOPPOSED MOTION TO INTERVENE

---

DAVIS GRAHAM & STUBBS LLP
Charles L. Kaiser, D.C. Bar No. 309203
Charles A. Breer
1550 Seventeenth Street, Suite 500
Denver, Colorado  80202
Telephone:  303-892-9400
Facsimile:  303-893-1379

Attorneys for Proposed Intervenor-Defendants

<u>TABLE OF CONTENTS</u>

<u>Page</u>

TABLE OF AUTHORITIES ...................................................................................................ii

STATEMENT OF FACTS ................................................................................................... 1

ARGUMENT ........................................................................................................................ 2

I.      LESSEES ARE ENTITLED TO INTERVENE AS A MATTER OF RIGHT
PURSUANT TO F.R.C.P. 24(a). ............................................................................. 2

      A.    Lessees' Intervention Is Timely................................................................. 3

      B.    Lessees Have An Interest In This Proceeding ......................................... 3

      C.    Disposition Of This Case May Impair Or Impede Lessees' Interests .................. 5

      D.    Lessees' Interests Are Not Adequately Represented By The Existing
Parties....................................................................................................... 6

II.     IN THE ALTERNATIVE, LESSEES SHOULD BE GRANTED LEAVE TO
INTERVENE PURSUANT TO F.R.C.P. 24(b). ................................................. 7

      A.    The Motion Is Timely ............................................................................... 8

      B.    There Are Common Questions Of Law And Fact Between Lessees'
Defense And The Principal Action .......................................................... 8

      C.    Independent Grounds For Jurisdiction..................................................... 9

CONCLUSION.................................................................................................................... 9

TABLE OF AUTHORITIES

Page

Cases

Admiral Ins. Co. v. National Cas. Co.,
    137 F.R.D. 176 (D.D.C. 1991) .................................................................................. 3

American Horse Protection Assoc. v. Veneman,
    200 F.R.D. 153 (D.D.C. 2001) .................................................................................. 7

Cascade Nat. Gas Corp. v. El Paso Nat. Gas Co.,
    386 U.S. 129 (1967) .................................................................................................. 4

Dimond v. District of Columbia,
    792 F.2d 179 (D.C. Cir. 1986) ........................................................................... 2, 4, 6

E.E.O.C. v. National Children's Center, Inc.,
    146 F.3d 1042 (D.C. Cir. 1998) .............................................................................. 7, 9

Foster v. Gueory,
    655 F.2d 1319 (D.C. Cir. 1981) ........................................................................... 4, 5, 6

Fund for Animals, Inc. v. Norton,
    322 F.3d 728 (D.C. Cir. 2003) ............................................................................ 2, 4, 5

Huron Environmental Activist League v. U.S.E.P.A.,
    917 F. Supp. 34 (D.D.C. 1996) ................................................................................ 4, 6

In re Vitamins Antitrust Litigation,
    2001 WL 34088808 (D.D.C. 2001) ........................................................................... 8

Lujan v. Defenders of Wildlife,
    504 U.S. 555 (1992) .................................................................................................. 7

Mova Pharmaceutical Corp. v. Shalala,
    140 F.3d 1060 (D.C. Cir. 1998) ................................................................................. 5

Natural Res. Defense v. U.S.E.P.A.,
    99 F.R.D. 607 (D.D.C. 1983) ..................................................................................... 6

Natural Resources Defense Council v. Costle,
    561 F.2d 904 (D.C. Cir. 1977) ............................................................................ 3, 4, 6

Neusse v. Camp,
    385 F.2d 694 (D.C. Cir. 1967) .......................................................................... 2-3, 4, 5

TABLE OF AUTHORITIES
(continued)

Page

People For Ethical Treatment Of Animals v. Babbitt,
   151 F.R.D. 6 (D.D.C. 1993)....................................................................................... 3, 6

Roeder v. Islamic Republic of Iran,
   333 F.3d 228 (D.C. Cir. 2003)...................................................................................... 7

Smoke v. Norton,
   252 F.3d 468 (D.C. Cir. 2001) ..................................................................................... 3


Rule

F.R.C.P. 24................................................................................................................ passim


Other Authorities

6 MOORE'S FEDERAL PRACTICE, § 24.11 (2003) ......................................................... 8

7C CHARLES A. WRIGHT, ARTHUR R. MILLER, MARY KAY KANE,
   FEDERAL PRACTICE AND PROCEDURE § 1904 (1986)................................................. 8

7C CHARLES A. WRIGHT, ARTHUR R. MILLER, MARY KAY KANE,
   FEDERAL PRACTICE AND PROCEDURE, § 1917 (1986)................................................. 9

Vastar Resources, Inc., Union Texas Petroleum, and Unicon Producing Company ("Lessees") submit this Memorandum in Support of their Unopposed Motion to Intervene. For the reasons stated below, Lessees respectfully submit that they may intervene as a matter of right under Rule 24(a)(2) of the Federal Rules of Civil Procedure or, in the alternative, should be granted leave to intervene in the exercise of this Court's discretion under Rule 24(b)(1)(B).

STATEMENT OF FACTS

Lessees own or owned interests in Indian oil and gas leases located on Jicarilla Apache Nation lands. In 1998, the Minerals Management Service ("MMS"), an agency within the Department of the Interior ("Interior"), issued Orders to Perform ("Orders" ) which, among other things, required Lessees to pay additional royalties on the major portion price calculated by MMS for gas. Lessees timely appealed the Orders pursuant to Interior's administrative appeal process in Docket Nos. Vastar Resources, Inc., MMS-98-0131-IND; Union Texas Petroleum Corporation, MMS-99-0084-IND; and Unicon Producing Company, MMS-99-0106-IND. Lessees actively pursued their appeals, including obtaining relevant background documents under the Freedom of Information Act ("FOIA"), appealing various FOIA issues, and submitting substantial opening and reply briefs to the MMS. On March 28, 2007, Interior's Assistant Secretary for Indian Affairs granted Lessees' appeals.

Lessees are in all respects the real parties in interest in this proceeding because the relief Plaintiff seeks is to enforce the Orders requiring Lessees to pay additional royalties based on MMS' major portion price for gas. See, e.g., Complaint at p. 11 (seeking "an injunction compelling the enforcement of the underlying major portion orders"). Lessees, as owners of Indian oil and gas leases, would additionally be adversely affected by the precedent Plaintiff asks this Court to establish with respect to the method for calculating the major portion price.

Intervention in these circumstances is warranted. Lessees are moving to intervene after having learned of this action less than one week ago; Lessees will participate on the same briefing schedule applicable to Defendant; Lessees are the real parties in interest in this proceeding; Plaintiff's requested relief would directly and indirectly affect Lessees; and Interior does not adequately represent Lessees' interests given (i) the opposing positions between Lessees and Interior in the proceedings below, (ii) their substantially different economic interests, and (iii) Interior's unique trust relationship with Indian Tribes such as Plaintiff.

ARGUMENT

I.    LESSEES ARE ENTITLED TO INTERVENE AS A MATTER OF RIGHT PURSUANT TO F.R.C.P. 24(a).

Rule 24(a) of the Federal Rules of Civil Procedure provides in relevant part that:

> On timely motion, the court must permit anyone to intervene who … claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.[1]

The United States Court of Appeals for the District of Columbia has held that intervention must be granted under Rule 24(a) if (i) the motion is timely; (ii) the movant claims an interest relating to the property or transaction which is the subject of the action; (iii) the movant is situated such that, as a practical matter, disposition of the action may impair or impede his ability to protect that interest; and (iv) the movant's interests are not adequately represented by the existing parties. See, e.g., Fund for Animals, Inc. v. Norton, 322 F.3d 728, 731 (D.C. Cir. 2003); Dimond v. District of Columbia, 792 F.2d 179, 192 (D.C. Cir. 1986). This Circuit recognizes that Rule 24 is to be liberally construed in favor of intervention. See, e.g., Neusse v. Camp,

---

[1]  Rule 24 was amended effective December 1, 2007, to make minor stylistic changes.

385 F.2d 694, 701, 702 (D.C. Cir. 1967).  Lessees satisfy these requirements for intervention of right.

      A.    <u>Lessees' Intervention Is Timely</u>.

      In determining whether a motion to intervene is timely, a court must consider the relevant circumstances in a given case, such as the amount of time "elapsed since the inception of the suit" and "the probability of prejudice to those already parties in the case."  <u>See</u> <u>Smoke v. Norton</u>, 252 F.3d 468, 471 (D.C. Cir. 2001) (permitting intervention after judgment entered); <u>Natural Resources Defense Council v. Costle</u>, 561 F.2d 904, 907 (D.C. Cir. 1977); <u>People For Ethical Treatment Of Animals v. Babbitt</u>, 151 F.R.D. 6, 7 (D.D.C. 1993).  A motion to intervene is timely when the "major substantive issues in [the] case have not yet been argued or resolved, and the [intervenors] filed their motions promptly."  <u>Admiral Ins. Co. v. National Cas. Co.</u>, 137 F.R.D. 176, 177 (D.D.C. 1991).

      Lessees' motion to intervene is timely.  Lessees learned of the Complaint only last week through a chance conversation with an attorney in another case.  Lessees were not named in the Complaint, were not served with a copy of the Complaint, and were not otherwise previously notified of the Complaint.  This proceeding remains in its preliminary stages.  Plaintiff has not filed its opening brief and this Court has not yet set the matter for hearing.  No party will be prejudiced by Lessees' intervention.  Lessees are prepared to respond to Plaintiffs' allegations on the same schedule as will Defendant.  Under these circumstances Lessees satisfy the timeliness requirement of Rule 24.

      B.    <u>Lessees Have An Interest In This Proceeding</u>.

      The requirement under Rule 24(a)(2) that intervenors have an interest in the ongoing action serves as "a practical guide to disposing of lawsuits by involving as many apparently

concerned persons as is compatible with efficiency and due process." <u>See</u>, <u>e.g.</u>, <u>Foster v.</u>

<u>Gueory</u>, 655 F.2d 1319, 1324 (D.C. Cir. 1981) (<u>quoting</u> <u>Neusse</u>, 385 F.2d at 700). The "practical

guide" test not only clearly recognizes economic interests as being sufficient to satisfy Rule 24,

<u>see</u> <u>Dimond</u>, 792 F.2d 179, but also contemplates other less quantifiable interests as well, <u>see</u>,

<u>e.g.</u>, <u>Huron Environmental Activist League v. U.S.E.P.A.</u>, 917 F. Supp. 34, 42-43 (D.D.C. 1996)

(industry trade group had sufficient interest when its past efforts to develop agreement with EPA

could be affected by environmental organization's lawsuit); <u>accord</u> <u>Natural Resources Defense</u>

<u>Council</u>, 561 F.2d at 908-09. As explained by the Advisory Committee in its 1966 amendment

to Rule 24(a): "If an absentee would be substantially affected in a practical sense by the

determination made in an action, he should, as a general rule, be entitled to intervene." <u>See</u>

<u>Cascade Nat. Gas Corp. v. El Paso Nat. Gas Co.</u>, 386 U.S. 129, 134 n.3 (1967).

Lessees possess a significant interest in the subject of this action which would be affected

both directly and in "a practical sense" by Plaintiff's requested relief. <u>First</u>, Lessees would be

directly affected. Lessees own or owned the Indian oil and gas leases subject to the MMS

Orders; Lessees are the real parties in interest who appealed from the Orders; and it is Lessees

who would be required to pay any additional royalties on production from those leases if

Plaintiff were to prevail. This Court recognizes that it "is obvious" that those property and

economic interests are sufficient to warrant intervention under Rule 24(a). <u>See</u> <u>Fund for</u>

<u>Animals</u>, 322 F.3d at 735 ("An intervenor's interest is obvious when he asserts a claim to

property that is the subject matter of the suit") (<u>quoting</u> <u>Foster</u>, 655 F.2d at 1324). <u>Second</u>,

Lessees have an interest in the precedent that Plaintiffs are asking this Court to establish with

respect to the manner in which the major portion price is calculated on production from Indian

leases. This Court recognizes that Lessees' interest in an action's precedential effect constitutes

a sufficient interest to permit intervention under Rule 24(a).  See Foster, 655 F.2d at 1325

(holding that requirements of Rule 24(a)(2) are met where stare decisis might affect claims by

proposed intervenors).  Under these circumstances Lessees satisfy the interest requirement of

Rule 24.

      C.    Disposition Of This Case May Impair Or Impede Lessees' Interests.

      Rule 24(a) requires the applicant to show that "the disposition of the action may as a

practical matter impair or impede the applicant's ability to protect" his interest.  Id.  That

language establishes a practical standard.  See Fund for Animals, 322 F.3d at 735 (describing

rule "as looking to the 'practical consequences' of denying intervention") (citations omitted).

Disposition of this case may both directly, and as a practical matter, impair or impede Lessees'

interests.  The relief requested -- that the Court compel the enforcement of the major portion

Orders -- would directly affect Lessees economic interests.  Such direct economic loss is a

sufficient impairment to support intervention.  Id. (finding "loss of revenues" to be sufficient

impairment to support intervention); Mova Pharmaceutical Corp. v. Shalala, 140 F.3d 1060,

1076 (D.C. Cir. 1998) ("danger of losing market share" sufficient impairment to support

intervention).  Moreover, if Plaintiffs were to prevail on their claims, Lessees' "ability to protect

[their] interest could be impaired or impeded by the principle of stare decisis" with respect to the

new major portion valuation methodology sought by Plaintiff which would apply to other Indian

oil and gas leases held by Lessees.  See Foster, 655 F.2d at 1325 (possible stare decisis effect

sufficient to satisfy Rule 24 impairment criterion).  Although Lessees may contest an adverse

decision in other jurisdictions, "it is this fragmented approach to adjudication that [Rule 24]

seek[s] to avoid."  See Neusse, 385 F.2d at 702.  Under those circumstances Lessees satisfy the

impairment requirement of Rule 24.

D.     <u>Lessees' Interests Are Not Adequately Represented By The Existing Parties</u>.

A proposed intervenor's burden to demonstrate that its interests are not adequately represented is "minimal"; the applicant need only show that representation of its interests "may be inadequate."  <u>See</u>, <u>e.g.</u>, <u>Dimond</u>, 792 F.2d at 192; <u>Foster</u>, 655 F.2d at 1325.  Courts in this Circuit have frequently recognized that governmental representation of private party intervenors is inadequate.  For example, in <u>Dimond</u>, 792 F.2d at 192, the court recognized that because the government was responsible for representing a broad range of public interests and not merely the economic interests of the intervenors, the "application for intervention . . . falls squarely within the relatively large class of cases in this circuit recognizing the inadequacy of governmental representation of the interests of private parties in certain circumstances."  Other cases are in accord.  <u>See</u>, <u>e.g.</u>, <u>N.R.D.C.</u>, 561 F.2d at 911-912 (industry groups were not adequately represented by the agency because intervenors' interests were narrower and focused on possible economic effects of regulations); <u>Ethical Treatment Of Animals</u>, 151 F.R.D. at 8 (the Department of Interior, which must "design and enforce an entire regulatory system in the public interest," could not adequately represent the proposed intervenor's concern over permit issuance); <u>Huron Environmental</u>, 917 F. Supp. at 42 (intervenors' position did not "mirror" that of agency); <u>Natural Res. Defense v. U.S.E.P.A.</u>, 99 F.R.D. 607, 610 (D.D.C. 1983) (agency's representation inadequate because intervenors' interests were more narrowly focused and, consequently, their interests "may" diverge).

In this case Lessees would not be adequately represented by Defendant.  Defendant and Lessees had opposing positions in the administrative proceedings below -- MMS issued the Orders seeking additional royalties based on the major portion price and Lessees vigorously contested those Orders.  Defendant does not have the same financial interest at stake as do

Lessees.  If the Plaintiff was granted the relief it seeks, the economic effects of the decision

would fall on Lessees, not Defendant.  Moreover, Defendant's duty here is to represent the broad

public interest, not to protect Lessees.  Defendant additionally has a trust responsibility to

Plaintiff while Lessees do not.  Under those circumstances Lessees' interests are not adequately

represented by the existing parties.[2]

II.     IN THE ALTERNATIVE, LESSEES SHOULD BE GRANTED LEAVE TO
        INTERVENE PURSUANT TO F.R.C.P. 24(b).

        Rule 24(b) of the Federal Rules of Civil Procedure provides that:

                On timely motion, the court may permit anyone to intervene
                who … has a claim or defense that shares with the main action a
                common question of law or fact. . . . In exercising its discretion,
                the court must consider whether the intervention will unduly delay
                or prejudice the adjudication of the original parties' rights.

Courts in this Circuit have recognized that permissive intervention may be granted under

Rule 24(b) when (i) the motion is timely, (ii) the applicant's claim or defense have a question of

law or fact in common, and (iii) there is an independent ground for jurisdiction.  See, e.g.,

E.E.O.C. v. National Children's Center, Inc., 146 F.3d 1042, 1046 (D.C. Cir. 1998).  "The

---

[2]  There is some question in this Circuit whether, in addition to meeting the elements of Rule 24(a), Lessees must also show standing to intervene because they are moving to intervene as defendants and standing focuses on a plaintiff's ability to invoke the court's jurisdiction.  See Roeder v. Islamic Republic of Iran, 333 F.3d 228, 233 (D.C. Cir. 2003) ("Requiring standing of someone who seeks to intervene as a defendant … runs into the doctrine that the standing inquiry is directed at those who invoke the court's jurisdiction"); cf. American Horse Protection Assoc. v. Veneman, 200 F.R.D. 153, 156 (D.D.C. 2001) ("It would follow that, when a party seeks to intervene as a defendant to uphold what the government has done, it would have to establish that it will be injured in fact by the setting aside of the government's action it seeks to defend, that this injury will have been caused by that invalidation, and the injury would be prevented if the government action is upheld.").  Regardless of the extent to which standing must be shown, "any person who satisfies Rule 24(a) will also meet Article III's standing requirement."  Roeder, 333 F.3d at 233; Friends of Animals v. Kempthorne, 452 F. Supp. 2d 64, 70 (D.D.C. 2006).  Lessees satisfy Rule 24(a).  See supra at __.  Moreover, Lessees have standing.  Lessees would suffer a concrete harm in the form of economic loss by paying additional royalties on the major portion price; that loss is fairly traceable to Plaintiff's requested relief of enforcing the underlying Orders; and a decision favorable to Lessees would prevent that loss from occurring.  See, e.g., Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992).

requirements for permissive intervention are to be construed liberally, 'with all doubts resolved in favor of permitting intervention.'"  In re Vitamins Antitrust Litigation, 2001 WL 34088808, *3 (D.D.C. 2001); 7C CHARLES A. WRIGHT, ARTHUR R. MILLER, MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1904 (1986).  Lessees satisfy each of these requirements for permissive intervention.

A.   The Motion Is Timely.

As shown above, supra at __,  Lessees filed their motion (i) within a week after learning of the action, (ii) before Plaintiff filed their opening brief, and (iii) well before any of the substantive issues in this proceeding will be argued or decided.  Accordingly, the Motion is timely.  Similarly Rule 24(b)(3) requires the Court to consider in its discretion "whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights."  Id. Lessees' intervention will not disrupt or delay these proceedings because Plaintiff has not yet filed its opening brief and Lessees are prepared to respond on the same schedule as will Defendant.  The lack of any prejudice is further evidenced by Plaintiff's and Defendant's lack of objection to Lessees' intervention.

B.   There Are Common Questions Of Law And Fact Between Lessees' Defense And The Principal Action.

Rule 24(b) requires an intervenor's defense to have a question of law or fact common to the plaintiff's claim.  The existence of a common question is liberally construed in favor of intervention, see, e.g., In re Vitamins Antitrust Litigation, 2001 WL 34088808 at *4, and a proposed intervenor need show only a common question of law or fact, see Rule 24(b)(1)(B); 6 MOORE'S FEDERAL PRACTICE, § 24.11 (2003) ("'phrase common question of law or fact' should be . . . read in the disjunctive").  Here there are questions of both law and fact common to Lessees' defenses and Plaintiffs' Complaint.

First, there are common questions of law because, as shown by its accompanying Answer which directly refutes both factual and legal claims made in the Complaint, Lessees directly challenge Plaintiff's allegations regarding the validity of MMS' major portion calculation and the validity of the 1988 regulations. Second, the facts relied upon by Lessees and Plaintiffs are "common" because the factual basis for Plaintiffs' claims and Lessees' defenses necessarily involve the same Orders. See generally, Lessees' Answer.

C.    Independent Grounds For Jurisdiction.

Although this Circuit's cases refer to the need for a permissive intervenor to show "independent grounds for jurisdiction," that requirement does not apply in these circumstances because Lessees are intervening as a defendant in a case brought under federal question jurisdiction and raise no counterclaims. The need to show independent grounds for jurisdiction arises "because the typical movant asks the district court to adjudicate an additional claim on the merits," see, e.g., National Children's Center, Inc., 146 F.3d at 1046, and "is almost entirely a problem of diversity litigation," see WRIGHT & MILLER, § 1917 at 600-01. "In federal question cases there should be no problem of jurisdiction with regard to an intervening defendant." Id. In this case Lessees are not asking the Court to adjudicate a new claim, and jurisdiction does not rest on diversity between the parties. Moreover, even if an independent jurisdictional ground were somehow necessary, Lessees are entitled to defend that agency action on the same jurisdictional grounds on which Plaintiff's claims rest.

CONCLUSION

For the reasons stated above and in its Motion to Intervene, Lessees respectfully request that they be granted leave to intervene in this proceeding pursuant to Rule 24(a) or, alternatively, Rule 24(b).

Respectfully submitted this 18th day of January, 2008.

DAVIS GRAHAM & STUBBS LLP


/s/ Charles L. Kaiser
Charles L. Kaiser, D.C. Bar No. 309203
Charles A. Breer
1550 Seventeenth Street, Suite 500
Denver, Colorado  80202
Telephone:  303-892-9400
Facsimile:  303-893-1379

Attorneys for Proposed Intervenor-Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JICARILLA APACHE NATION, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| UNITED STATES DEPARTMENT OF THE INTERIOR, | : | |
| | : | |
| Defendant, | : | Civil Action |
| | : | No. 1:07-CV-00803-RJL |
| and | : | |
| | : | |
| VASTAR RESOURCES, INC., UNION TEXAS PETROLEUM, AND UNICON PRODUCING COMPANY, | : | |
| | : | |
| | : | |
| | : | |
| 501 Westlake Park Blvd. | : | |
| P.O. Box 392 | : | |
| Houston, TX 77253-3092 | : | |
| | : | |
| Proposed Intervenor-Defendants. | : | |

---

DISCLOSURE OF CORPORATE AFFILIATIONS AND FINANCIAL INTERESTS

---

Certificate required by LCvR 7.1 of the Local Rules of the United States District Court for the District of Columbia:

I, the undersigned, counsel of record for Vastar Resources, Inc., Union Texas Petroleum, and Unicon Producing Company, certify that to the best of my knowledge and belief the following are parent companies, subsidiaries, or affiliates of Vastar Resources, Inc., Union Texas Petroleum, and Unicon Producing Company who have any outstanding securities in the hands of the public.

BP, Plc

These representations are made in order that judges of this court may determine the need for recusal.

Respectfully submitted this 18th day of January, 2008.

DAVIS GRAHAM & STUBBS LLP


/s/ Charles L. Kaiser
Charles L. Kaiser, D.C. Bar No. 309203
Charles A. Breer
1550 Seventeenth Street, Suite 500
Denver, Colorado  80202
Telephone:  303-892-9400
Facsimile:  303-893-1379

Attorneys for Proposed Intervenor-Defendants

## <u>RULE 7.1(k) LIST OF PERSONS TO BE SERVED WITH ORDER</u>

<u>Please serve the following electronically</u>:

Charles L. Kaiser, D.C. Bar No. 309203
Charles A. Breer
DAVIS GRAHAM & STUBBS LLP
1550 Seventeenth Street, Suite 500
Denver, Colorado  80202
Telephone:  303-892-9400
Facsimile:  303-893-1379
chuck.kaiser@dgslaw.com
charlie.breer@dgslaw.com

Ruth Ann Storey
U.S. DEPARTMENT OF JUSTICE
   ENVIRONMENT & NATURAL
   RESOURCES DIVISION
General Litigation Section
601 D Street, NW
Washington, D.C.  20004
Telephone:  202-305-0493
Facsimile:  202-305-0506
ruth.ann.storey@usdoj.gov

Jill Grant
NORDHAUS, HALTOM, TAYLOR, TARADASH & BLADH
1401 K Street, NW
Suite 801
Washington, DC 20005
Telephone:  202-530-1270
Facsimile:  202-530-1920
jgrant@nordhauslaw.com

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JICARILLA APACHE NATION, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| UNITED STATES DEPARTMENT OF THE INTERIOR, | : | |
| | : | |
| Defendant, | : | Civil Action |
| | : | No. 1:07-CV-00803-RJL |
| and | : | |
| | : | |
| VASTAR RESOURCES, INC., UNION TEXAS PETROLEUM, AND UNICON PRODUCING COMPANY, | : | |
| | : | |
| 501 Westlake Park Blvd. | : | |
| P.O. Box 392 | : | |
| Houston, TX 77253-3092 | : | |
| | : | |
| Proposed Intervenor-Defendants. | : | |

---

PROPOSED ORDER GRANTING UNOPPOSED MOTION TO INTERVENE

---

Upon consideration of the Unopposed Motion to Intervene of Vastar Resources, Inc.,

Union Texas Petroleum, and Unicon Producing Company ("Lessees"), and the record in this

case, it is hereby

ORDERED that the Court grants Lessees' Unopposed Motion to Intervene in this

proceeding as a defendant.

SIGNED this _____ day of _____, 2008.

_____
United States District Court Judge Leon

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JICARILLA APACHE NATION, | : | |
| | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| UNITED STATES DEPARTMENT OF THE INTERIOR, | : | |
| | : | |
|     Defendant, | : | Civil Action No. 1:07-CV-00803-RJL |
| | : | |
| and | : | |
| | : | |
| VASTAR RESOURCES, INC., UNION TEXAS PETROLEUM, AND UNICON PRODUCING COMPANY, | : | |
| 501 Westlake Park Blvd. P.O. Box 392 Houston, TX 77253-3092 | : | |
| | | |
|     Proposed Intervenors-Defendants. | | |

LESSEES' ANSWER

Vastar Resources, Inc., Union Texas Petroleum, and Unicon Producing Company ("Lessees") hereby answer Plaintiff's Complaint for Declaratory and Injunctive Relief ("Complaint"). Lessees specifically deny each and every allegation of the Complaint not otherwise expressly admitted, qualified, or denied by this Answer. The numbered paragraphs in this Answer correspond to the numbered paragraphs in Plaintiff's Complaint.

1.      Paragraph 1 is Plaintiff's characterization of this action to which no response is required. Lessees deny that Plaintiff is entitled to any injunctive, declaratory, or other relief.

2.      Lessees admit the allegation in Sentence 1.  Lessees do not have sufficient information to form a belief as to the truth of the allegations in Sentence 2 and therefore deny the same.  Lessees admit the allegation in Sentence 3 and affirmatively state that Lessees have paid all royalties due.

3.      Lessees admit the allegation in Sentence 1.  The remaining allegations in Paragraph 3 are conclusions of law to which no response is required.  The cited statutes and regulations speak for themselves and are the best evidence of their contents.

4.      The allegations in Paragraph 4 represent Plaintiff's legal conclusion regarding the Court's jurisdiction to which no response is required.

5.      The allegations in Paragraph 5 represent Plaintiff's legal conclusion regarding venue to which no response is required.

6.      Lessees do not have sufficient information to form a belief as to the truth of the allegations in Sentence 1 and therefore deny the same.  The remaining allegations in Paragraph 6 are Plaintiff's characterization of the leases.  The leases speak for themselves and are the best evidence of their contents.  Lessees affirmatively state that the Department of the Interior has over time issued multiple versions of Lease Form 5-157.

7.      Lessees do not have sufficient information to form a belief as to the truth of the allegations in Paragraph 7 and therefore deny the same.

8.      The allegations in Paragraph 8 are conclusions of law to which no response is required.  The cases cited by Plaintiff in Paragraph 8 speak for themselves and are the best evidence of their contents.

9.      Paragraph 9 contains Plaintiff's selective quote from a statute to which no response is required.  The statute and case speak for themselves and are the best evidence of their contents.

10.     Paragraph 10 contains Plaintiff's selective quote from a regulation to which no response is required.  The regulation speaks for itself and is the best evidence of its contents.

11.     Paragraph 11 contains Plaintiff's selective quote from a lease to which no response is required.  The lease speaks for itself and is the best evidence of its contents.

12.     Paragraph 12 represents Plaintiff's legal conclusion regarding the terms of Jicarilla leases and the regulations to which no response is required.  The leases and the regulations speak for themselves and are the best evidence of their contents.

13.     Lessees admit the allegation in Sentence 1 that the Department of the Interior promulgated oil and gas valuation regulations in 1988.  The remainder of Paragraph 13 contains Plaintiff's legal conclusions regarding the valuation regulations and Plaintiff's selective quote from the valuation regulations, neither of which require a response.  The regulations speak for themselves and are the best evidence of their contents.

14.     Paragraph 14 contains Plaintiff's selective quote from a regulation to which no response is required.  The regulation speaks for itself and is the best evidence of its contents.

15.     The allegation in Sentence 1 represents Plaintiff's legal conclusion to which no response is required.  The remaining allegations in Paragraph 15 represent Plaintiff's characterization of the Orders to Perform ("Orders") to which no response is required.  The Orders speak for themselves and are the best evidence of their contents.

16.     Lessees do not have sufficient information to form a belief as to the truth of the allegations in Paragraph 16 and therefore deny the same.

17.     The allegations in Paragraph 17 represent Plaintiff's characterization of the Orders to which no response is required.  The Orders speak for themselves and are the best evidence of their contents.

18.     Lessees do not have sufficient information to form a belief as to the truth of the allegations in Paragraph 18 and therefore deny the same.

19.     Lessees do not have sufficient information to form a belief as to the truth of the allegations in Sentence 1 and therefore deny the same.  The remaining allegations in Paragraph 19 consist of Plaintiff's characterization of certain Department of the Interior decisions to which no response is required.  The decisions speak for themselves and are the best evidence of their contents.

20.     The allegation in Sentence 1 represents Plaintiff's characterization of certain Department of the Interior decisions to which no response is required.  The decisions speak for themselves and are the best evidence of their contents.  Lessees do not have sufficient information to form a belief as to the truth of the allegations in Sentence 2 and therefore deny the same.

21.     The allegations in Paragraph 21 represent Plaintiff's characterization of MMS field reports to which no response is required.  The field reports speak for themselves and are the best evidence of their contents.

22.     Lessees admit that the Assistant Secretary issued the <u>Vastar</u> decision upholding Lessees' appeals and affirmatively state that the decision is a reasonable construction of the law and is not arbitrary, capricious or an abuse of discretion.

23.     The allegations in Paragraph 23 represent Plaintiff's characterization of the <u>Vastar</u> decision to which no response is required.  The decision speaks for itself and is the best evidence of its contents.

24.     The allegations in Paragraph 24 represent Plaintiff's characterization of the <u>Vastar</u> decision to which no response is required.  The decision speaks for itself and is the best evidence of its contents.

25.     The allegation in Sentence 1 represents Plaintiff's legal conclusion to which no response is required.  The remaining allegation in Paragraph 25 contains Plaintiff's characterization of the Linowes Commission report and Plaintiff's selective quote from that report, neither of which require a response.  The report speaks for itself and is the best evidence of its contents.

26.     The allegations in Paragraph 26 contain Plaintiff's characterization of and a selective quote from certain reports and hearings, neither of which require a response.  The reports and hearings speak for themselves and are the best evidence of their contents.

27.     Paragraph 27 realleges and incorporates by reference the allegations in paragraphs 2-26 of the Complaint to which no response is required.

28.     The allegation in Paragraph 28 is a conclusion of law to which no response is required.

29.     The allegation in Paragraph 29 is a conclusion of law to which response is required.

30.     The allegation in Paragraph 30 is a conclusion of law to which no response is required.

31.     Lessees deny the allegation in Paragraph 31.

5

32.    Paragraph 32 realleges and incorporates by reference the allegations in paragraphs 2-26 (should be 2-31) of the Complaint to which no response is required.

33.    The allegation in Paragraph 33 is a conclusion of law to which no response is required.

34.    Lessees deny the allegation in Paragraph 34.

35.    Plaintiff's unnumbered paragraph on p. 11 of the Complaint is Plaintiff's claim for relief.  Lessees deny that Plaintiff is entitled to any relief.

<u>AFFIRMATIVE DEFENSES</u>

1.    Plaintiff has failed to state a claim upon which relief may be granted.

2.    Plaintiff's claims are barred by the appropriate statutes of limitations.

3.    Plaintiff's claims are barred by the doctrines of laches, waiver, estoppel, and acquiescence.

4.    Plaintiff lacks standing to bring this action.

5.    Plaintiff failed to name indispensable parties.

6.    The Court lacks jurisdiction over this action.

WHEREFORE, Lessees pray for relief as follows:

1.    That judgment be entered for Lessees and against Plaintiff on all allegations in the Complaint.

2.    That Lessees be awarded their costs and attorney fees incurred in defending this action.

3.    That the Court grant Lessees any other relief it deems just and appropriate.

Dated this 18th day of January, 2008.

DAVIS GRAHAM & STUBBS LLP


/s/ Charles L. Kaiser
Charles L. Kaiser, D.C. Bar No. 309203
Charles A. Breer
1550 Seventeenth Street, Suite 500
Denver, Colorado  80202
Telephone:  303-892-9400
Facsimile:  303-893-1379

Attorneys for Proposed Intervenors-
Defendants