IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JICARILLA APACHE NATION, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| UNITED STATES DEPARTMENT OF THE INTERIOR, | : | |
| | : | |
| Defendant, | : | Civil Action |
| | : | No. 1:07-CV-00803-RJL |
| and | : | |
| | : | |
| VASTAR RESOURCES, INC., UNION TEXAS PETROLEUM, AND UNICON PRODUCING COMPANY, | : | |
| 501 Westlake Park Blvd. P.O. Box 392 Houston, TX 77253-3092 | : | |
| | : | |
| Proposed Intervenors-Defendants. | | |

---

## LESSEES' ANSWER

---

Vastar Resources, Inc., Union Texas Petroleum, and Unicon Producing Company ("Lessees") hereby answer Plaintiff's Complaint for Declaratory and Injunctive Relief ("Complaint"). Lessees specifically deny each and every allegation of the Complaint not otherwise expressly admitted, qualified, or denied by this Answer. The numbered paragraphs in this Answer correspond to the numbered paragraphs in Plaintiff's Complaint.

1.      Paragraph 1 is Plaintiff's characterization of this action to which no response is required. Lessees deny that Plaintiff is entitled to any injunctive, declaratory, or other relief.

2.      Lessees admit the allegation in Sentence 1.  Lessees do not have sufficient information to form a belief as to the truth of the allegations in Sentence 2 and therefore deny the same.  Lessees admit the allegation in Sentence 3 and affirmatively state that Lessees have paid all royalties due.

3.      Lessees admit the allegation in Sentence 1.  The remaining allegations in Paragraph 3 are conclusions of law to which no response is required.  The cited statutes and regulations speak for themselves and are the best evidence of their contents.

4.      The allegations in Paragraph 4 represent Plaintiff's legal conclusion regarding the Court's jurisdiction to which no response is required.

5.      The allegations in Paragraph 5 represent Plaintiff's legal conclusion regarding venue to which no response is required.

6.      Lessees do not have sufficient information to form a belief as to the truth of the allegations in Sentence 1 and therefore deny the same.  The remaining allegations in Paragraph 6 are Plaintiff's characterization of the leases.  The leases speak for themselves and are the best evidence of their contents.  Lessees affirmatively state that the Department of the Interior has over time issued multiple versions of Lease Form 5-157.

7.      Lessees do not have sufficient information to form a belief as to the truth of the allegations in Paragraph 7 and therefore deny the same.

8.      The allegations in Paragraph 8 are conclusions of law to which no response is required.  The cases cited by Plaintiff in Paragraph 8 speak for themselves and are the best evidence of their contents.

9.      Paragraph 9 contains Plaintiff's selective quote from a statute to which no response is required.  The statute and case speak for themselves and are the best evidence of their contents.

10.     Paragraph 10 contains Plaintiff's selective quote from a regulation to which no response is required.  The regulation speaks for itself and is the best evidence of its contents.

11.     Paragraph 11 contains Plaintiff's selective quote from a lease to which no response is required.  The lease speaks for itself and is the best evidence of its contents.

12.     Paragraph 12 represents Plaintiff's legal conclusion regarding the terms of Jicarilla leases and the regulations to which no response is required.  The leases and the regulations speak for themselves and are the best evidence of their contents.

13.     Lessees admit the allegation in Sentence 1 that the Department of the Interior promulgated oil and gas valuation regulations in 1988.  The remainder of Paragraph 13 contains Plaintiff's legal conclusions regarding the valuation regulations and Plaintiff's selective quote from the valuation regulations, neither of which require a response.  The regulations speak for themselves and are the best evidence of their contents.

14.     Paragraph 14 contains Plaintiff's selective quote from a regulation to which no response is required.  The regulation speaks for itself and is the best evidence of its contents.

15.     The allegation in Sentence 1 represents Plaintiff's legal conclusion to which no response is required.  The remaining allegations in Paragraph 15 represent Plaintiff's characterization of the Orders to Perform ("Orders") to which no response is required.  The Orders speak for themselves and are the best evidence of their contents.

16.     Lessees do not have sufficient information to form a belief as to the truth of the allegations in Paragraph 16 and therefore deny the same.

17.     The allegations in Paragraph 17 represent Plaintiff's characterization of the Orders to which no response is required.  The Orders speak for themselves and are the best evidence of their contents.

18.     Lessees do not have sufficient information to form a belief as to the truth of the allegations in Paragraph 18 and therefore deny the same.

19.     Lessees do not have sufficient information to form a belief as to the truth of the allegations in Sentence 1 and therefore deny the same.  The remaining allegations in Paragraph 19 consist of Plaintiff's characterization of certain Department of the Interior decisions to which no response is required.  The decisions speak for themselves and are the best evidence of their contents.

20.     The allegation in Sentence 1 represents Plaintiff's characterization of certain Department of the Interior decisions to which no response is required.  The decisions speak for themselves and are the best evidence of their contents.  Lessees do not have sufficient information to form a belief as to the truth of the allegations in Sentence 2 and therefore deny the same.

21.     The allegations in Paragraph 21 represent Plaintiff's characterization of MMS field reports to which no response is required.  The field reports speak for themselves and are the best evidence of their contents.

22.     Lessees admit that the Assistant Secretary issued the Vastar decision upholding Lessees' appeals and affirmatively state that the decision is a reasonable construction of the law and is not arbitrary, capricious or an abuse of discretion.

23.    The allegations in Paragraph 23 represent Plaintiff's characterization of the Vastar decision to which no response is required.  The decision speaks for itself and is the best evidence of its contents.

24.    The allegations in Paragraph 24 represent Plaintiff's characterization of the Vastar decision to which no response is required.  The decision speaks for itself and is the best evidence of its contents.

25.    The allegation in Sentence 1 represents Plaintiff's legal conclusion to which no response is required.  The remaining allegation in Paragraph 25 contains Plaintiff's characterization of the Linowes Commission report and Plaintiff's selective quote from that report, neither of which require a response.  The report speaks for itself and is the best evidence of its contents.

26.    The allegations in Paragraph 26 contain Plaintiff's characterization of and a selective quote from certain reports and hearings, neither of which require a response.  The reports and hearings speak for themselves and are the best evidence of their contents.

27.    Paragraph 27 realleges and incorporates by reference the allegations in paragraphs 2-26 of the Complaint to which no response is required.

28.    The allegation in Paragraph 28 is a conclusion of law to which no response is required.

29.    The allegation in Paragraph 29 is a conclusion of law to which response is required.

30.    The allegation in Paragraph 30 is a conclusion of law to which no response is required.

31.    Lessees deny the allegation in Paragraph 31.

32.     Paragraph 32 realleges and incorporates by reference the allegations in paragraphs 2-26 (should be 2-31) of the Complaint to which no response is required.

33.     The allegation in Paragraph 33 is a conclusion of law to which no response is required.

34.     Lessees deny the allegation in Paragraph 34.

35.     Plaintiff's unnumbered paragraph on p. 11 of the Complaint is Plaintiff's claim for relief.  Lessees deny that Plaintiff is entitled to any relief.

## AFFIRMATIVE DEFENSES

1.     Plaintiff has failed to state a claim upon which relief may be granted.

2.     Plaintiff's claims are barred by the appropriate statutes of limitations.

3.     Plaintiff's claims are barred by the doctrines of laches, waiver, estoppel, and acquiescence.

4.     Plaintiff lacks standing to bring this action.

5.     Plaintiff failed to name indispensable parties.

6.     The Court lacks jurisdiction over this action.

WHEREFORE, Lessees pray for relief as follows:

1.     That judgment be entered for Lessees and against Plaintiff on all allegations in the Complaint.

2.     That Lessees be awarded their costs and attorney fees incurred in defending this action.

3.     That the Court grant Lessees any other relief it deems just and appropriate.

Dated this 18th day of January, 2008.

DAVIS GRAHAM & STUBBS LLP


/s/ Charles L. Kaiser
Charles L. Kaiser, D.C. Bar No. 309203
Charles A. Breer
1550 Seventeenth Street, Suite 500
Denver, Colorado  80202
Telephone:  303-892-9400
Facsimile:  303-893-1379

Attorneys for Proposed Intervenors-
Defendants